———— o o o ————

### Austin C. Hewitt vs. The Superintendents of the Poor of the County of Macomb.

When application is made by a pauper to a county superintendent of the poor, under section 1439 of Compiled Laws, the superintendent has full power to provide such temporary relief as he may deem proper, without any of the restrictions or qualifications imposed upon directors of the poor, on similar applications, by sections 1443 and 1444.

In the granting of temporary relief, and in determining who are proper subjects for temporary and permanent relief, a single member of the board of superintendents possesses the whole power of the board, limited, probably, by an express dissent of the majority in a particular case.

*Heard May 26th.   Decided June 4th.*

Case made after judgment from Macomb Circuit.

The case is fully set forth in the opinion of the Court.

*Eldredge & Hubbard*, for plaintiff.

*A. S. Robertson*, for defendant.

CHRISTIANCY J.:

This cause comes to this Court on a case made, after judgment for defendants in the Circuit Court for the county of Macomb. The cause was tried by the Court without a jury. The facts are not found or agreed upon, but the evidence is set forth, with the determination of the questions of law hereinafter stated. The case is, therefore, to be treated substantially as a bill of exceptions, without the formalities of a writ of error or assignment of errors.

The action was assumpsit, brought by the plaintiff, as a physician and surgeon, for services and attendance upon county paupers. Plea, general issue. It was admitted, on the trial,

the bill of services rendered, amounting to the sum of $166.36, was correct, and the only questions of fact at issue were, Whether the persons mentioned in the bill (for attendance upon whom the action was brought) were, at the time of such services and attendance, paupers; and, Whether the plaintiff had been, by the defendants, or either of them, or their predecessors, directed to attend upon said paupers.

Evidence was given tending to show that the several persons mentioned in the bill were, at the time, paupers residing in the township of Clinton in said county, not removed to the county poor-house, nor found to be generally proper subjects for permanent relief; and that the plaintiff had been specially requested by one of the county superintendents of the poor to perform part of the services, and by another superintendent to perform the balance of the services—such services consisting of attendance upon, and administering to, such poor persons as a physician; and that, by an arrangement of the board of superintendents, Ira Stout, the member of the board at whose request much the larger portion of the services were rendered, had special charge of paupers in said township of Clinton, where said services were rendered.

It was admitted by the defendants that no proceedings had been had in the county of Macomb, to restore the distinction between township and county poor, and that the paupers in said county were supported by the county at large when the services were rendered; that the plaintiff's claim had been presented to the board of superintendents, and that they had refused to allow or pay it; that the plaintiff was a practicing physician, &c.

Upon the foregoing evidence and admissions, which seem to have been direct and undisputed, "the following questions were raised before, and determined by, the Circuit Court:

"1. The Court then and there held and determined, that the board of superintendents of the poor had not, under the law, the power or authority to give temporary relief to paupers of said county.

"2. That no *one* member of the board had power to order temporary relief to a pauper of said county, except in case the sum of twenty dollars had been ordered to be paid by a justice of the peace, on application of a director of the poor, and the pauper's necessity required more; or that the pauper was a subject of permanent relief, but could not be removed to the poor-house at the time relief was granted.

"3. That the directors of the poor of the several townships had the sole and exclusive control over the giving or providing of temporary relief, with the concurrence and order of a justice of the peace of their respective townships."

The question for our decision is, Whether the Court erred in the determination of these points of law, or either of them.

The whole controversy turns upon the construction to be given to chapter 38 of Revised Statutes of 1846 (*Comp. L. Chap.* 40). And, without setting forth the statute at large, it is sufficient to say that the statute provides, *First*, That all the poor within the county, in any manner to be aided by the public authorities, are to be maintained by the county, and all expenses connected with their support to be paid by the county: *Second*, That the general superintendence of the poor of the county is vested in the superintendents of the poor, who are county officers: *Third*, That the director of the poor is a township officer, and all expenses authorized to be incurred by him (which are very limited) are paid by the county, and not by the township: *Fourth*, The eighth, twelfth, and thirteenth sections of the Act, which are to be construed together as one provision, clearly contemplate that an application may be made for relief, either to a director, or to a superintendent; and, when made to either, the state and circumstances of the applicant are to be inquired into by the officer to whom the application is made; and in case such applicant shall be found to be a proper subject for permanent relief, he is to be removed to the county poor-house, if it can be done with safety: *Fifth*, That if the person so applying shall be found to require "only temporary relief, or is

so sick, lame, or otherwise disabled, that he can not be safely or conveniently moved to the poor-house," then, if "the application be made to a director, he shall apply to a justice of the peace of the township, who shall examine into the facts and circumstances, and shall, in writing, order such sum to be expended for the temporary relief of such poor person as he shall deem the circumstances of the case require"; that such order shall entitle the director to receive any sum which he may have paid out or contracted to pay, within the amount therein specified, from the county treasurer; "but no greater sum than twenty dollars shall be so expended or paid for the relief of any one person or one family, without the sanction, in writing, of one of the superintendents, which shall be presented to the county treasurer with the order of the justice."

In view of all these provisions, we think it is a necessary implication from the eighth, twelfth, and thirteenth sections, as well as from the whole scope and plan of the Act, that if the application be made to a superintendent instead of a director (§ 12), such superintendent has the full power to provide such temporary relief as he may deem proper, and that without any of the restrictions or qualifications attached to the power of the director. The application may be made to either; but if made to the director, his powers are restricted—he must apply to the justice and obtain his order, and that order must not exceed twenty dollars; but with the assent, in writing, of one of the superintendents, the amount is unlimited. The superintendents being county officers, appointed by the board of supervisors, and directly accountable to them, they represent the interests of the county; all the expenses are county expenses; they are therefore properly vested with a large discretion in the expenditure of the county funds for the humane purposes of the Act. But the director (as well as the justice) is but a township officer—not appointed by the county authorities, nor easily made responsible to them: hence, the propriety of limiting his power, unless he has the assent of one of the superintendents.

HEWITT *vs.* SUPERINTENDENTS OF THE POOR.

In the matter of giving temporary relief, and in determining who are proper subjects for temporary or permanent relief, a single member of the board of superintendents seems to possess the whole power of the board, limited, probably, by an express dissent of the majority in a particular case; and this is wisely so, to meet the exigencies of the cases as they arise, without the necessity of calling together the whole board; which, in many cases, would make the relief come too late.

It is quite obvious from the statute, and from these considerations, that the directors are to be considered chiefly as subordinate local agents for the superintendents in the several townships, with qualified and restricted powers, which may be enlarged by a single superintendent; and that a superintendent may do all that a director may do in reference to temporary relief, and much more.

The chief object of requiring these local agents, or directors, in the several townships, we think, was to carry out the benevolent purposes of the Act, by bringing relief to the door of the suffering poor, by providing an officer in their own neighborhood, whose duty it should be to inquire into and make known their wants, and, within certain restrictions, to relieve such as should be most pressing until the case could be properly acted upon by the proper authorities of the county, as well as to aid the superintendents in the application and expenditure of the means they should see fit to afford for temporary relief.

We think, therefore, the determination of the Circuit Court was erroneous in each and all of the three points of law determined by that Court, and set forth in the case.

The judgment must therefore be reversed, and a new trial granted.

The other Justices concurred.